[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#106.00)
The plaintiff, Mackenzie Painting company, Inc. has sued four entities seeking payment for work done on several construction projects in the State of Connecticut as a subcontractor for the defendant HRH/Atlas Construction Company, Inc. The defendant Liberty Mutual Insurance Company, Inc. issued separate payment bonds and acted as surety for HRH/Atlas' obligations to its subcontractors at each of the projects.
Liberty Mutual has moved to dismiss some of the plaintiff's claims against it, pursuant to Practice Book § 10-31(a)(3) on the grounds of improper venue. In count three, the payment bond issued by Liberty Mutual contained a provision that lawsuits on the bond must be brought in the location where the work took place. Counts five and eight involve bonds issued in connection with public works or public construction projects. Pursuant to General Statutes § 49-42 (b) lawsuits on bonds issued in connection with such projects must be brought in the Superior Court for the district where the contract was to be performed. It is undisputed that the construction project giving rise to the claim and the bond referenced in count three, was located in Bridgeport, Connecticut. It is also undisputed that the construction projects giving rise to the claims and bonds referenced in counts five and eight were public works projects and were located in Milford and Storrs, Connecticut respectively.
The plaintiff correctly points out that its theory of the case, at least against some of the defendants, not necessarily Liberty Mutual, involves a consistent pattern of improper or illegal conduct throughout a series of projects. It also points out the replication and high cost of trying separate cases against the defendants at different venues. These CT Page 8462 are points worth due consideration, but they are better addressed through motions to transfer and consolidate or through application to be added to the complex litigation docket, (the court understands such an application is pending).
On the basis of the venue provisions of the bond in count three and § 49-42 (b) for counts five and eight, the motion to dismiss those counts is granted.
 ___________________ ADAMS, J.